

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JAMES EDDIE PALMER, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 9:19-cv-00012-MGL |
| | § | |
| T. BRAGG, Warden, | § | |
| Respondent. | § | |

## ORDER TRANSFERRING CASE

Petitioner filed this as a 28 U.S.C. § 2241 action. He is self represented.

Although Petitioner was incarcerated in this district when he filed his petition, he is now incarcerated in the Federal Correctional Institute at Butner Low, Butner, North Carolina. This facility is located in the Eastern District of North Carolina judicial district.

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id* at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id*. (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id*. at 445. Consequently, the Court has jurisdiction over Petitioner's § 2241 habeas petition only if it has jurisdiction over Petitioner's custodian. Here, the Court lacks jurisdiction over Petitioner's current custodian, who is located in the Eastern District of North Carolina.

For these reasons, Petitioner's case is **TRANSFERRED** to the Eastern District of North Carolina judicial district court.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 4th day of September, 2019, in Columbia, South Carolina.

                              s/ Mary Geiger Lewis
                              MARY GEIGER LEWIS
                              UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.